UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Kathy Wilt

    v.                                         Civil No. 15-cv-439-LM
                                            Opinion No. 2023 DNH 016 P

Martin O'Malley, Commissioner
of Social Security

## O R D E R

Pursuant to 42 U.S.C. § 406(b), plaintiff's attorneys seek $17,300 in attorney fees for their successful representation of Social Security claimant Kathy Wilt. Doc. no. 36. When she retained counsel to represent her, Wilt entered into an agreement in which she agreed to pay counsel a contingent fee of 25% of her past-due benefits. The Commissioner of Social Security,[1] in his capacity as quasi-trustee of Wilt's awarded benefits, does not oppose the award of attorney fees. For the following reasons, the court finds that the requested fee under the contingent-fee agreement is reasonable and grants the motion for attorney fees (doc. no. 36).[2]

---

[1] Martin O'Malley became Commissioner of the Social Security Administration on December 20, 2023, replacing Acting Commissioner Kilolo Kijakazi. See Fed. R. Civ. P. 25(d).

[2] In the first motion for attorney fees, counsel requested $17,304.30. Doc. no. 34. Counsel then filed a corrected motion, seeking $17,300. The Commissioner does not object to the corrected motion. The court therefore considers the corrected motion, document number 36, as the operative motion and denies the first motion for attorney fees (doc. no. 34) as moot.

## BACKGROUND

Wilt filed an application for disability insurance benefits and Supplemental Security Income in October 2012. Her application was initially denied, and Wilt ultimately challenged the denial in this court. The court granted Wilt's motion to reverse and remanded the matter to the Social Security Administration ("SSA"). In 2017, this court awarded Wilt's counsel fees in the amount of $5,534.84 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). After further administrative proceedings on remand, an administrative law judge issued Wilt a favorable decision and awarded $69,217.18 in past-due benefits. Wilt now moves for attorney fees just under 25% of her past-due benefits, to be paid out of those benefits.

## DISCUSSION

Section 206(b) of the Social Security Act, 42 U.S.C § 406(b), allows attorneys to recover up to 25% of a claimant's past-due benefits as compensation for successfully representing the claimant in federal court. Courts may only award fees for work done before the court and may not grant fees for work done before the SSA. See 42 U.S.C. § 406(b)(1)(A); Clark v. Astrue, 529 F.3d 1211, 1215 (9th Cir. 2008) ("[Section] 406(b) empowers courts to award attorney's fees based only on representation before the court."). When attorneys enter into fee agreements with claimants, courts generally defer to these agreements, so long as they are reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002).

In Gisbrecht, the United States Supreme Court held that courts should consider several factors when determining whether a fee award is reasonable: "(1) the character of representation; (2) the results achieved; (3) whether the attorney is responsible for a delay and will profit from an accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the amount of time counsel spent on the case." Giles v. Saul, No. 17-cv-659-PB, 2020 WL 836736, at *4 (D.N.H. Feb. 20, 2020) (citing Gisbrecht, 535 U.S. at 808). A court may exercise discretion and reduce the attorney's fee to a reasonable amount in order to avoid awarding counsel a windfall. Gisbrecht, 535 U.S. at 808.

Wilt's counsel seeks attorney fees in the amount just under 25% of Wilt's past-due benefits, pursuant to a contingent-fee agreement. The court examines each of the Gisbrecht factors to determine whether the fee agreement is reasonable.

First, Wilt's attorneys represented her in federal court for the duration of this case. The nature of a contingent-fee agreement is also such that Wilt's attorneys risked not being compensated at all for this representation. Further, Wilt's counsel achieved the desired result: a reversal of the Commissioner's decision to deny her application for benefits. There is also no indication that Wilt's attorneys are responsible for delay in this case.

Additionally, the court must consider whether the benefits are large in comparison to the amount of time spent on the case, such that counsel would receive a windfall. See Chase v. Kijakazi, No. 20-cv-915-PB, 2023 WL 2974322, at *2

(D.N.H. Apr. 17, 2023). Wilt's attorneys request payment for 39.2 hours of work, consisting of 19.6 hours of attorney time and 19.6 hours of paralegal time.[3]

Wilt's counsel represents that their usual and customary hourly rate is $395, citing the rate included in counsel's affidavit in support of Wilt's 2017 application for EAJA attorney fees. See doc. no. 18-2. Her attorneys do not, however, provide a rate for their paralegal. Therefore, the court will rely on the paralegal rate of $90 per hour provided in the EAJA application. See Ouellette v. Berryhill, No. 17-cv-409-SM, 2018 WL 1992909, at *3 (D.N.H. May 6, 2019) (using the $90 paralegal rate from the claimant's EAJA application when a paralegal rate was not provided). Using these rates, the calculated lodestar figure—the total amount of reported hours multiplied by the applicable billing rates—is $9,506. Twice that figure is $19,012.

After considering the Gisbrecht factors, the court concludes that an award of $17,300 from Wilt's past-due benefits is reasonable. This award of attorney fees is less than twice the lodestar and consistent with the 25% contingent-fee agreement. The fee is also well within the range of fees approved by this court. See, e.g.,

---

[3] The itemized hours filed with this motion for attorney fees is identical to the itemization filed with the motion for EAJA fees (doc. no. 18) in 2017. See doc. nos. 18-1 (EAJA itemization), 36-5 (section 406(b) itemization). In its May 3, 2017 Order (doc. no. 26), the court reduced the hours in calculating EAJA fees because an attorney and a paralegal performed duplicative work on Wilt's case. Doc. no. 26 at 2-3. Because the court is reviewing the requested fee and itemized hours for reasonableness only, the calculation does not necessarily affect the attorney fees awarded. In light of the court's prior Order, however, the court uses the reduced hours in its calculations to consider whether Wilt's counsel would receive a windfall from the requested fee award.

Levesque v. Saul, No. 18-cv-420, 2020 WL 4350730, at *4 (D.N.H. July 29, 2020) (reducing a requested fee award ($1,681 per hour) to four times the lodestar ($717 per hour) after considering Gisbrecht factors); Mounce v. Colvin, No. 10-cv-560-PB, 2016 WL 4444710, at *3 (D.N.H. Aug. 23, 2016) (awarding twice the lodestar ($500 per hour) after weighing Gisbrecht factors). As counsel acknowledged in their motion, this award of section 406(b) fees requires them to refund the EAJA fee already received to Wilt.

## CONCLUSION

The court grants the amended motion for attorney fees (doc. no. 36) in the amount of $17,300 and denies the first motion for attorney fees (doc. no. 34) as moot. The court directs plaintiff's counsel to refund the EAJA fee of $5,534 to Wilt.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 11, 2024

cc:   Counsel of Record